Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
## for the

UNITED STATES District of MIDDLE FL.

TAMPA Division

| | |
|---|---|
| JOHN B. BUCK AND MELISSA K. BUCK | Case No. $8:26$-cv-$2183$-WFJ-SPF |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial: *(check one)* ☐ Yes ☒ No |
| -v- | |
| United States of America | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |

# COMPLAINT FOR A CIVIL CASE

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | JOHN B. AND MELISSA K. BUCK |
| Street Address | 10714 CARLOWAY HILLS DR |
| City and County | WIMAUMA |
| State and Zip Code | FL, 33598 |
| Telephone Number | 813 6333587 |
| E-mail Address | JOHN.B.BUCK06@GMAIL.COM |

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.



Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | United States of America |
| Job or Title *(if known)* | Acting through the Department of Veterans Affairs |
| Street Address | US. Attorney's Office Middle District of Fl 400 North Tampa |
| City and County | TAMPA HILLSBOROUGH |
| State and Zip Code | FL 33602 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question        ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

This action arises under:
- Federal Tort Claims Act, 28 U.S.C. §§1346(b), 2671–2680
- 28 U.S.C. §1331
- 28 U.S.C. §1402(b)

Administrative remedies have been exhausted after Plaintiffs timely submitted a Standard Form 95 administrative claim to the Department of Veterans Affairs at James A. Haley VA Medical Center and more than six months elapsed without final resolution.

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of

the State of *(name)* _____ . Or is a citizen of

*(foreign nation)* _____ .

b.    If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

Compensatory damages in the total amount of $1,200,000.00, consisting of $1,100,000.00 for Plaintiff John Buck and $100,000.00 for Plaintiff Melissa K. Buck (loss of consortium), consistent with the amount presented in Plaintiffs' FTCA administrative claim (Standard Form 95)

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Plaintiffs bring this action under the Federal Tort Claims Act for injuries arising from Plaintiff John Buck's confinement at the James A. Haley Veterans' Hospital in Tampa, Florida, from August 28 through September 2, 2025. Plaintiff voluntarily admitted himself for treatment. His wife, Melissa Buck, requested his discharge, and Plaintiff agreed. Despite these requests, Plaintiff remained confined without the initiation of formal involuntary commitment proceedings, judicial authorization, or other documented legal authority. Plaintiffs allege that medical records omitted material events, including the discharge request, and that subsequent records contained statements inconsistent with contemporaneous evidence, including VA police body-worn camera recordings. Plaintiffs further allege that Defendant's employees acted within the course and scope of their federal employment and that their negligent and wrongful acts caused Plaintiff emotional distress, loss of liberty, and other damages. Plaintiff Melissa Buck also seeks damages for loss of consortium resulting from Defendant's conduct. A complete statement of facts and claims is contained in the attached Complaint, which is incorporated herein by reference.

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiffs request judgment against Defendant United States of America for compensatory damages in an amount not exceeding the amount presented in Plaintiffs' administrative claim under the Federal Tort Claims Act, together with taxable costs, any relief authorized by law, and such other relief as this Court deems just and proper.

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    *29 July 2026*

| | | |
|---|---|---|
| Signature of Plaintiff | *John Buck* | *Melissa K Buck* |
| Printed Name of Plaintiff | *John B. Buck* | *MELISSA K. BUCK* |

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Street Address    _____

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

State and Zip Code _____

Telephone Number _____

E-mail Address _____

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JOHN B. BUCK and
MELISSA K. BUCK,

Case No.: 8: 26-cv-2183- WFJ- SPF

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

## COMPLAINT FOR DAMAGES
(Federal Tort Claims Act – 28 U.S.C. § 1346(b))

Plaintiffs, JOHN B. BUCK and MELISSA K. BUCK, sue Defendant, UNITED STATES OF AMERICA, and allege:

### I. JURISDICTION AND VENUE

1. This is an action for money damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671–2680.

2. This Court has subject-matter jurisdiction under 28 U.S.C. § 1346(b)(1) because Plaintiffs seek money damages for personal injury and other loss caused by the negligent or wrongful acts or omissions of employees of the United States acting within the scope of their employment, under circumstances where the United States, if a private person, would be liable under Florida law.

3. Venue is proper in this District under 28 U.S.C. § 1402(b) because the acts and omissions giving rise to this action occurred in Tampa, Florida.

4. The acts and omissions alleged below were committed by employees of the United States Department of Veterans Affairs ("VA") acting within the course and scope of their employment at James A. Haley Veterans' Hospital and Clinics ("JAHVH").

### II. ADMINISTRATIVE EXHAUSTION

5. Plaintiffs timely presented administrative tort claims to the Department of Veterans Affairs on Standard Form 95 and the VA denied the claim on July 23, 2026.

6. Plaintiff John B. Buck presented an administrative claim seeking $1,100,000. Plaintiff Melissa K. Buck presented a derivative loss-of-consortium claim seeking $100,000.

7. The total amount administratively presented was $1,200,000.

8. Before the filing of this action, the administrative claims were denied or, alternatively, more than six months had elapsed after presentment without final disposition.

**9.** Plaintiffs have therefore satisfied the administrative exhaustion requirements of 28 U.S.C. § 2675(a).

## III. PARTIES

**10.** Plaintiff John B. Buck is a resident of Wimauma, Florida.

**11.** Plaintiff Melissa K. Buck is the lawful spouse of Plaintiff John B. Buck and is also a resident of Wimauma, Florida.

**12.** Defendant United States of America is the proper defendant under the FTCA for the tortious acts and omissions of federal employees acting within the scope of their employment.

## IV. FACTUAL ALLEGATIONS

**13.** On August 28, 2025, Plaintiff John B. Buck voluntarily admitted himself to the Emergency Department and later the ARC 1 Unit at JAHVH.

**14.** Plaintiff was not admitted pursuant to involuntary commitment proceedings. No Baker Act petition, involuntary-placement petition, emergency-detention paperwork, or court order was initiated or entered upon his admission.

**15.** Plaintiff remained a voluntary psychiatric patient during the relevant events described below.

**16.** On August 30, 2025, at approximately 11:40 a.m., Plaintiff Melissa K. Buck, Plaintiff John B. Buck's spouse, requested Plaintiff John B. Buck's discharge from the facility.

**17.** The request was made orally to facility staff. Plaintiff John B. Buck agreed to discharge and wanted to leave.

**18.** The request was captured during recorded body-worn-camera interactions. The body-worn-camera evidence and transcript corroborate that Plaintiff Melissa K. Buck requested Plaintiff John B. Buck's release and Plaintiff John B. Buck agreeing to be released.

**19.** Florida Statutes § 394.4625(2)(a) provides that a voluntary patient or a relative, friend, or attorney may request discharge orally or in writing at any time after admission. The statute requires that an oral request made to a staff member be immediately entered in the patient's clinical record.

**20.** Florida Statutes § 394.4625(5) further provides that, when a voluntary patient or authorized person requests discharge, the request must be communicated to an appropriate clinician as quickly as possible and no later than 12 hours after the request. If the patient meets the criteria for involuntary placement, the facility administrator must file a petition for involuntary placement within two court working days after the request. If the petition is not filed within that period, the patient must be discharged.

20A. The discharge procedures established by Florida Statutes §394.4625 constitute standards governing the handling of voluntary psychiatric patients. Defendant's failure to reasonably implement those procedures is evidence of negligence under Florida law.

**21.** After the discharge request, Plaintiff John B. Buck was not free to leave.

22. During the recorded interactions, staff stated in substance that "patients were not released over the weekend" and that weekend release "just doesn't happen," or words to that effect.

23. Staff also stated that no physician was available to authorize discharge during the weekend period.

24. The medical records later reviewed by Plaintiffs reflected that an on-call physician was assigned coverage during the relevant period and that the same physician later authorized Plaintiff John B. Buck's discharge on September 2, 2025.

25. Plaintiffs allege that the recorded statements concerning weekend discharge practices, the existence of physician on-call coverage, and Plaintiff's continued hospitalization are relevant to whether Defendant reasonably documented, evaluated, and processed Plaintiff's discharge request.

26. During the recorded interactions, staff also made statements indicating that Plaintiff John B. Buck "did not meet the criteria for involuntary placement" and that no involuntary-placement petition had been filed.

27. No Baker Act or other involuntary-placement petition was filed with a court during the relevant period, to Plaintiffs' knowledge and based on the records reviewed.

27A. At no time following Melissa K. Buck's request for Plaintiff John B. Buck's release was Plaintiff informed that he had been converted from voluntary status to involuntary status, nor was Plaintiff advised that involuntary placement proceedings had been initiated.

28. Plaintiff John B. Buck remained confined in the locked psychiatric unit until approximately 1:30 p.m. on September 2, 2025.

29. During the period following the discharge request, Defendant's personnel exercised institutional control over Plaintiff and prevented him from leaving the facility.

30. Plaintiffs allege that Melissa K. Buck's request for Plaintiff John B. Buck's discharge was not documented in the contemporaneous medical record. Plaintiffs further allege that this omission was material because the request initiated the discharge process applicable to a voluntary psychiatric patient.

31. The records reviewed by Plaintiffs also do not document a contemporaneous, individualized decision pathway showing how the discharge request was evaluated, escalated, or resolved under the statutory framework governing voluntary psychiatric patients.

32. The records reviewed by Plaintiffs do not document a contemporaneous discussion with Plaintiff or Plaintiff Melissa K. Buck explaining that continued confinement was based on an alleged lack of safe housing or an unsafe discharge environment.

33. Contemporaneous records documented that Plaintiff John B. Buck planned to return to his residence, had family and social support available, and was calm, cooperative, oriented, and denying current suicidal or homicidal ideation during relevant portions of the confinement period.

**34.** The records reviewed by Plaintiffs do not document an individualized assessment of Plaintiff Melissa K. Buck, the marital residence, or the available home support before continued confinement was maintained based on later-emphasized discharge-planning or safety concerns.

34A. Melissa K. Buck was available, willing, and able to transport Plaintiff home and assist with his care. Family support was available upon discharge. Plaintiffs allege that no individualized assessment of those circumstances was documented before the medical record later stated that Plaintiff "did not have a safe home to go to."

**35.** The records also do not document an individualized social-work discharge-planning consultation with Plaintiff addressing the alleged unsafe-discharge concerns before continued confinement.

**36.** A later psychiatric addendum expressly stated that prior chart language asserting that Plaintiff lacked a safe community placement and required continued hospitalization "does not apply" and documented that Plaintiff was appropriate for discharge.

**37.** The medical record contains omissions, discrepancies, and inconsistencies concerning the discharge request, the reasons for continued confinement, and the relationship between contemporaneous events and later charting.

**38.** Plaintiffs allege that the failure to accurately document the discharge request and the failure to timely and reasonably process it materially impaired the handling and review of Plaintiff's continued confinement.

38A. Had the discharge request been timely documented, communicated, and processed using reasonable care, Plaintiff would have been evaluated under the statutory discharge procedures applicable to voluntary patients rather than remaining confined for several additional days.

**39.** The body-worn camera recordings objectively captured Melissa Buck requesting Plaintiff's discharge, Plaintiff John B. Buck agreed to leave, staff stating weekend releases were unavailable, and staff acknowledging Plaintiff did not meet involuntary-placement criteria. The recordings therefore corroborate Plaintiffs' allegations independently of the medical record.

**40.** Plaintiffs allege that the objective evidence and the medical records must be evaluated together to determine whether Defendant's employees negligently handled Plaintiff's discharge request and continued confinement.

**41.** Plaintiff John B. Buck remained in a locked psychiatric environment during the additional period of confinement and experienced and continues to experience substantial fear, distress, hypervigilance, panic symptoms, nightmares, sleep disturbance, loss of dignity, humiliation, feelings of imprisonment and worsening anxiety associated with his inability to leave.

**42.** Plaintiff also experienced increased distrust of medical providers and disruption of his mental-health stability following the confinement.

**43.** As a direct and proximate result of the events alleged above, Plaintiff John B. Buck suffered compensable injury and damages and continues to do so.

44. Plaintiff Melissa K. Buck suffered loss of consortium, including loss of companionship, comfort, affection, society, fellowship, emotional support, assistance, household partnership, and the normal benefits of the marital relationship.

45. Following the events giving rise to this action, Plaintiffs pursued multiple administrative avenues to report and investigate the circumstances surrounding Plaintiff John B. Buck's continued hospitalization, including complaints to VA Police, the Department of Veterans Affairs Office of Inspector General ("OIG"), and the Florida Department of Health.

46. During those proceedings, Plaintiffs obtained additional evidence, including body-worn-camera recordings, transcript, and medical records, that form part of the factual basis of this action. Plaintiffs allege that certain internal reviews did not fully address or account for all available evidence, including the body-worn-camera recording documenting Melissa K. Buck's request that Plaintiff John B. Buck be released.

47. After reviewing the allegations and supporting materials submitted by Plaintiffs, the Florida Department of Health determined that allegations involving one physician and one nurse practitioner warranted referral to the Prosecution Services Unit for further review under Florida's professional disciplinary process. Plaintiffs do not allege that the referral establishes civil liability; rather, they allege it demonstrates that an independent regulatory authority determined the allegations warranted additional investigation.

48. Plaintiff John B. Buck was notified by the Bureau of Enforcement of the FL State Medical Board on June 12, 2026 that a nurse practitioner and physician have been referred to the Prosecution Services Unit.

49. Plaintiffs allege that the evidence described above supports the factual allegations in this Complaint and will be further developed through discovery.

49A. Plaintiffs do not allege that every voluntary psychiatric patient must be discharged immediately upon request. Rather, Plaintiffs allege that Defendant failed to reasonably document, evaluate, process, and communicate Plaintiff John B. Buck's discharge request in accordance with the standards applicable to voluntary psychiatric patients and that those failures contributed to Plaintiff's continued hospitalization and resulting damages.

## V. CLAIMS FOR RELIEF

### COUNT I – NEGLIGENCE
(By Plaintiff John B. Buck)

50. Plaintiff John B. Buck realleges and incorporates Paragraphs 1 through 49 as though fully set forth herein.

51. Under Florida law, Defendant owed Plaintiff a duty to exercise reasonable care in the treatment, supervision, discharge handling, communication, documentation, and confinement decisions affecting him.

52. Those duties included the duty to reasonably and timely process a discharge request made on behalf of a voluntary psychiatric patient; to accurately document a material discharge request; to

communicate and escalate the request as reasonably required; to ensure that established operational procedures governing voluntary-patient discharge requests were reasonably implemented by personnel responsible for Plaintiff's care; and to avoid unreasonable continuation of confinement when the circumstances did not support such continuation.

53. Defendant breached its duties by, among other things:

(a) failing to accurately document Plaintiff Melissa K. Buck's discharge request;

(b) failing to timely and reasonably process and communicate the request;

(c) failing to use reasonable care in determining whether Plaintiff's continued confinement was lawful and clinically justified;

(d) allowing weekend or administrative discharge-processing practices to materially affect Plaintiff's continued confinement;

(e) failing to reasonably reconcile the discharge request with Plaintiff's voluntary status and the absence of a documented involuntary-placement process;

(f) failing to accurately and contemporaneously document material facts concerning the request and continued confinement;

(g) failing to maintain and reasonably implement operational safeguards to ensure that voluntary-patient discharge requests were promptly documented, communicated, evaluated, and acted upon;

(h) allowing administrative practices, staffing practices, or weekend procedures to interfere with the timely handling of Plaintiff's discharge request; and

(i) failing to exercise reasonable supervisory oversight to ensure that Plaintiff's discharge request was handled in accordance with applicable standards governing voluntary psychiatric patients.

53A. The foregoing negligent acts and omissions constituted operational failures in the implementation of established procedures and responsibilities at James A. Haley Veterans' Hospital and were not the result of protected governmental policy decisions.

54. Plaintiff alleges these breaches as negligent acts and omissions under Florida law and not as a standalone claim for false imprisonment, misrepresentation, or any other tort excluded by 28 U.S.C. § 2680.

55. As a direct and proximate result of Defendant's negligence, Plaintiff John B. Buck suffered the injuries and damages described above.

WHEREFORE, Plaintiff John B. Buck demands judgment against Defendant for compensatory damages, taxable costs as permitted by law, and such other relief as the Court deems just and proper.

## COUNT II – LOSS OF CONSORTIUM
### (By Plaintiff Melissa K. Buck)

56. Plaintiff Melissa K. Buck realleges and incorporates Paragraphs 1 through 55 as though fully set forth herein.

**57.** At all relevant times, Plaintiff Melissa K. Buck was and is the lawful spouse of Plaintiff John B. Buck.

**58.** As a direct and proximate result of Defendant's negligent acts and omissions toward Plaintiff John B. Buck, Plaintiff Melissa K. Buck suffered loss of consortium.

**59.** Such loss includes loss of companionship, comfort, affection, society, fellowship, emotional support, assistance, household partnership, and the normal benefits of the marital relationship.

**60.** Plaintiff Melissa K. Buck seeks compensatory damages in the amount of $100,000 for her loss of consortium claim.

WHEREFORE, Plaintiff Melissa K. Buck demands judgment against Defendant for compensatory damages, taxable costs as permitted by law, and such other relief as the Court deems just and proper.

## VI. DAMAGES

**61.** Plaintiff John B. Buck seeks compensatory damages in the amount of $1,100,000 for the injuries and losses caused by Defendant's negligence.

**62.** Plaintiff Melissa K. Buck seeks compensatory damages in the amount of $100,000 for loss of consortium.

**63.** The total damages sought by Plaintiffs are $1,200,000.

**64.** Plaintiffs seek only damages permitted under the FTCA and applicable Florida law. Plaintiffs reserve the right to amend their pleading as permitted by the Federal Rules of Civil Procedure and applicable law if discovery or other legally permissible developments warrant amendment.

### PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant and award:

**A.** Compensatory damages in the total amount of $1,200,000, consisting of $1,100,000 sought by Plaintiff John B. Buck and $100,000 sought by Plaintiff Melissa K. Buck;

**B.** Taxable costs as permitted by law;

**C.** Prejudgment and post-judgment interest to the extent permitted by law; and

**D.** Such other and further relief as the Court deems just and proper.


Respectfully submitted,

_____
John B. Buck
Pro Se Plaintiff

_____
Melissa K. Buck

**Pro Se Plaintiff**

Date: _____ 29 July 2026 _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JOHN B. BUCK  Melissa K. Buck v. UNITED STATES OF AMERICA
FTCA LIABILITY AND EXPOSURE SUMMARY

CLAIM: Alleged negligent psychiatric treatment, failure to properly document material information, and reliance on materially inaccurate or unsupported information resulting in the continued detention of a voluntarily admitted patient.

PLAINTIFF: John Buck
FACILITY: James A. Haley Veterans' Hospital, Tampa, Florida
INCIDENT: August 30–September 2, 2025
SF-95: Filed January 2026; $1.2 million claim

BOTTOM LINE

The core liability issue is whether VA personnel continued to hold Plaintiff after his wife requested his release while failing to document that request and recording that Plaintiff "did not have a safe home to go to" without a documented assessment of Plaintiff's wife or home. Plaintiff contends the inaccurate or unsupported record entry was then used to support continued detention.

WHY DOJ SHOULD REVIEW THE VIDEO FIRST

Plaintiff possesses body-worn-camera evidence and a transcript reflecting his wife's request for his release. Plaintiff contends the VA OIG investigation did not review or adequately address this evidence. If the video is consistent with Plaintiff's account, it directly bears on notice, documentation, credibility, and the factual basis for continued detention.

KEY LIABILITY FACTS

• Plaintiff voluntarily entered inpatient mental-health treatment on August 28, 2025.

• Plaintiff's wife, Melissa K. Buck, requested that Plaintiff be released August 30, 2025 and Plaintiff agreed.

• Plaintiff contends the request was not documented in the medical record.

• A subsequent medical record ~ four hours later stated Plaintiff "did not have a safe home to go to."

• Plaintiff contends no documented evaluation of his wife, home, or home safety was performed before that statement was recorded.

• Plaintiff remained hospitalized for approximately three more days (six days total).

• Plaintiff contends the disputed record information and omission of the wife's release request materially affected the decision-making surrounding his continued confinement.

## EVIDENCE PRESENTING THE GREATEST LIABILITY RISK

1. Body-worn-camera footage/transcript — direct evidence of the wife's request for release and potential notice to VA personnel.
2. Contemporaneous medical records — comparison of what occurred versus what was documented.
3. The "no safe home" statement — potential factual basis for the continued detention and apparent absence of a documented supporting assessment.
4. Mrs. Buck's testimony/affidavit — corroboration of the release request and surrounding events.
5. State medical-board investigative materials — outside review identifying record omissions and referring the matter for additional professional review.
6. VA OIG and Patient Advocate findings — Plaintiff disputes the adequacy of the investigation and contends relevant video evidence was not properly considered.

## PLAINTIFF'S THEORY OF LIABILITY

Plaintiff is not claiming that every psychiatric admission is wrongful. Plaintiff's theory is that VA personnel failed to accurately document material facts, recorded a materially inaccurate or unsupported fact concerning the safety of Plaintiff's home, and then continued to confine Plaintiff while the record omitted his wife's request for release.

## PRINCIPAL DEFENSE ISSUE

The anticipated defense issue is whether VA personnel had an independent lawful and medically supported basis to continue Plaintiff's hospitalization regardless of the alleged documentation failures. The contemporaneous medical record, body-worn-camera evidence, and the factual basis for the "no safe home" statement are therefore central to liability and causation.

## EXPOSURE

Plaintiff alleges loss of liberty and significant emotional and psychological harm arising from the approximately six-day hospitalization and the circumstances surrounding his continued confinement. Plaintiff's SF-95 demanded $1.2 million.

## DOCUMENTS TO REVIEW FIRST

1. Body-Worn-Camera Transcript
2. Medical Record Containing the "No Safe Home" Statement
3. Medical Records Surrounding the Release Decision
4. State Medical-Board Investigative Materials
5. VA OIG Findings
6. Plaintiff's Chronology